IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| ANDREW DAVID CONNER, | CV 15-00081-H-DLC-JTJ |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| WARDEN LEROY KIRKEGARD, et al., | |
| Defendants. | |

Plaintiff Andrew Conner, an inmate proceeding in forma pauperis and without counsel, has filed a Motion for Contempt of Court. (Doc. 32.) The motion will be denied for two reasons. First, Mr. Conner failed to comply with Local Rule 7.1 which requires that when filing a motion, "[t]he text of the motion must state that other parties have been contacted and state whether any party objects to the motion." L.R. 7.1(c). Although Mr. Conner represents that Defendants told him there were no objections to anything he files, he is still required to contact counsel for Defendants to determine if they object to each specific motion he may file.

Second, Mr. Conner has not met the standard for contempt. "Courts have inherent power to enforce compliance with their lawful orders through civil

1

contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). The legal standards for imposing civil contempt is as follows:

> Civil contempt in this context consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply. The contempt "need not be willful," and there is no good faith exception to the requirement of obedience to a court order . . . But a person should not be held in contempt if his action "'appears to be based on a good faith and reasonable interpretation of the court's order'" . . . "Substantial compliance" with the court order is a defense to civil contempt, and is not vitiated by "a few technical violations" where every reasonable effort has been made to comply.

*In Re Dual-Deck Video Cassette Recorder Antitrust Litigation v. Motion Picture Association of America*, 10 F.3d 693, 695 (9th Cir. 1993) (internal citations omitted). The party alleging civil contempt must demonstrate the violation of a court order by clear and convincing evidence. *Id.* Therefore, Mr. Conner must show that (1) Defendants violated a Court order; (2) beyond substantial compliance; (3) not based on a good faith and reasonable interpretation of the order; (4) by clear and convincing evidence. *Id.*

While Mr. Conner complains about a number of actions taken by counsel, he does not demonstrate that Defendants violated a court order.

Accordingly, IT IS HEREBY ORDERED that Mr. Conner's Motion for

Contempt (Doc. 32) is **DENIED**.

DATED this 5th day of October 2016.

>*/s/ John Johnston*
>John Johnston
>United States Magistrate Judge