IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



| | |
|---|---|
| ANDREW DAVID CONNER,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN LEROY KIRKEGARD, et al.,<br><br>Defendants. | CV 15-81-H-DLC-JTJ<br><br>ORDER |

United States Magistrate Judge John Johnston entered his Order, Findings and Recommendations in this matter on October 5, 2016, recommending that Defendants' motion for summary judgment be denied. Defendants timely filed objections and are therefore entitled to de novo review of those Findings and Recommendations to which they specifically object. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir.

2000). The parties are familiar with the facts of this case and they will not be repeated here.

Turning to the objections, Defendants contend that Judge Johnston erred by concluding that Plaintiff Andrew David Conner ("Conner") provided enough information in his grievances to allow Montana State Prison officials to respond to the actions of the Inner-Perimeter Security ("IPS") Team. Under this general objection, Defendants argue three specific objections where they contend Judge Johnston erred. First, Defendants contend that Judge Johnston erred by relying on *Reyes v. Smith*, 810 F.3d 654 (9th Cir. 2016), instead of *Griffin v. Arpaio*, 557 F.3d 1117 (9th Cir. 2009). Second, Defendants take issue with Judge Johnston's statement that, "Mr. Conner clearly indicated that he felt the IPS Team had acted inappropriately in his grievance." (Doc. 40 at 4 (citing Doc. 35 at 12).) Third, Defendants dispute Judge Johnston's conclusion that Conner's grievance alerted prison officials to the nature of his complaint and allowed them to take appropriate responsive actions.

Reviewing these specific objections de novo, the Court finds that they all attempt to undercut Judge Johnston's ultimate conclusion that prison officials had enough information to understand that Conner was grieving the actions of the IPS team, and not just their supervisors. The Court agrees with Judge Johnston that

Conner's grievance was sufficient.

As discussed by Judge Johnston, under the Prison Litigation Reform Act (the "PLRA"), a prisoner's grievance need only "alert[ ] the prison to the nature of the wrong for which redress is sought" and "provide enough information . . . to allow prison officials to take appropriate responsive measures." *Griffin*, 557 F.3d at 1120–1121 (citation and internal quotation marks omitted). This is because "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Id.* at 1120.

Here, Conner's first grievance clearly indicated his problem: he was sprayed in the face with OC spray by the IPS Team despite the fact that he has asthma. (*See* Doc. 28-1 at 27 (stating that prison "staff ignored the fact that I have asthma when they insisted on spraying me in the face").) Conner's grievance should have alerted prison officials that he was grieving the actions of the IPS Team, as well as the actions of their supervisors. Defendants arguments attempt to hold Conner to a standard of clarity that does not exist under the law. Further, Defendants' argument that Conner's grievance was not clear enough to alert them that he was grieving the actions of the IPS Team is undercut by the fact that their response to his grievance argues that the actions of the IPS Team were reasonable. (*See Id.* ("[Inmate] Conner you had multiple chances to avoid being extracted but you

refused multiple reasonable direst orders to cuff up. . . . In the future do not put yourself in this type of situation.").) Additionally, this response appeared to be authored by the IPS Team members. (*Id.*) Defendants' objections are overruled.

Lastly, Conner objects to Judge Johnston's denial of his motion for the appointment of counsel. Because this is a nondispositive Order, it will be reviewed for clear error. *See* 28 U.S.C. § 636(b)(1)(A). Upon clear error review, the Court agrees with Judge Johnston that Conner's motion should be denied because he has failed to show exceptional circumstances justifying the appointment of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) ("The court may appoint counsel under section 1915[] only under exceptional circumstances."). Conner's objection is overruled.

Accordingly, the Court reviews the remainder of Judge Johnston's Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 35) are ADOPTED IN FULL.

(2) Defendants' Motion for Summary Judgment (Doc. 18) is DENIED.

DATED this 19th day of December, 2016.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court