IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ANDREW DAVID CONNER,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN LEROY KIRKEGARD, et al.,<br><br>Defendants. | CV 15-00081-H-DLC-JTJ<br><br>ORDER |

Plaintiff Andrew Conner, an inmate proceeding in forma pauperis and without counsel, has filed a Motion for Order for an Examination. (Doc. 44.) Mr. Conner is incarcerated at Montana State Prison and argues he is therefore unable to make arrangements to be seen by an outside expert for his eyes, asthma, and mental health condition. He seeks an examination pursuant to Rule 35 of the Federal Rules of Civil Procedure. (Doc. 45.)

Rule 35 allows the Court to require a party whose mental or physical condition is in controversy to submit to a physical or mental examination. Generally, this rule is utilized to require a plaintiff complaining of a medical condition to submit to a medical examination by a doctor of the defendants' choosing. It does not give the Court the authority to provide a party with an expert.

1

Under Rule 706 of the Federal Rules of Evidence, however, experts may be appointed in the court's discretion to assist the trier of fact in evaluating contradictory or complex evidence. *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (independent expert appointed to assist court in evaluating conflicting evidence of elusive disease of unknown origin.); *McKinney v. Anderson*, 924 F.2d 1500, 1510–11 (9th Cir. 1991) (noting court's discretion to appoint expert in case involving complex scientific issues concerning effects of secondary cigarette smoke), *vacated on other grounds, Helling v. McKinney*, 502 U.S. 903 (1991). But appointment is not appropriate for the purpose of assisting a litigating party for his own benefit. *See Carranza v. Fraas*, 763 F.Supp.2d 113, 119–20 (D.D.C. 2011); *Pedraza v. Jones*, 71 F.3d 194, 198 n. 5 (5th Cir. 1995).

Mr. Conner has not shown issues of requisite complexity requiring appointment of an expert witness. He makes this request for his own assistance, which is outside the scope of Rule 706. The Court does not find the issues presented in this case to be sufficiently complex, thereby necessitating an expert. *See Runningbird v. Weber*, 198 Fed.Appx. 576 (8th Cir. 2006) (no abuse of discretion in the court's failure to appoint an expert on Native American Religion practices).

Accordingly, IT IS HEREBY ORDERED that Mr. Conner's Motion for Order for an Examination (Doc. 44) is DENIED.

DATED this 10th day of January 2017.

                                       */s/ John Johnston*
                                       John Johnston
                                       United States Magistrate Judge