IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ANDREW DAVID CONNER, | CV 15-00081-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| WARDEN LEROY KIRKEGARD, et al., | |
| Defendants. | |

Plaintiff Andrew Conner, an inmate proceeding in forma pauperis and without counsel, filed a Motion for the Appointment of Counsel (Doc. 48) and an Objection to the Court's Denial of his Motion for Examination (Doc. 49), which the Court has construed as a motion for reconsideration.

**I. MOTION FOR APPOINTMENT OF COUNSEL**

This is Mr. Conner's second motion to appoint counsel. *See* (Doc. 26.) As set forth in the Court's Order denying the first motion, no one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they file a civil lawsuit under 42 U.S.C. § 1983. (Doc. 35 (citing *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997)), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). A judge may only request counsel for

1

an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted). Mr. Conner still does not meet this criteria.

Citing an Eighth Circuit case, Mr. Conner argues that the Court should consider the factual complexity of the case, his ability to investigate, the existence of conflicting testimony, and Mr. Conner's ability to present his case in light of the complexity of the legal issues. (Doc. 48 at 4 (citing *Abdullah v. Gunter*, 949 F.2d 1032 at 1035 (9th Cir. 1991).).) As set forth above, however, in the Ninth Circuit, the Court must consider Mr. Conner's likelihood of success on the merits and his ability to articulate his claims in light of the complexity of the legal issues. *Terrell*, 935 F.2d at 1017.

Mr. Conner has still not demonstrated a likelihood of success on the merits or his inability to articulate his claims pro se. His filings are articulate and demonstrate an understanding of the issues involved. The Court will not appoint counsel at this point in the litigation.

## II. OBJECTIONS TO DENIAL OF EXAMINATION

Mr. Conner has filed an objection to the Court's January 10, 2017 Order denying his Motion for Order for an Examination. (Doc. 49.) The Court construes this filing as a motion for reconsideration and as such it will be denied.

The Local Rules for this Court require that a party must first move for leave to file a motion for reconsideration before filing a motion for reconsideration. A motion for leave to file a motion for reconsideration must specifically meet at least one of the following two criteria:

(1) (A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the Court before entry of the order for which reconsideration is sought, and
(B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; or

(2) new material facts emerged or a change of law occurred after entry of the order.

In his filing, Mr. Conner simply argues the merits of his request for medical examinations. He has not shown a change in circumstances, that the facts or law are materially different, or that new facts have emerged or a change of the law has occurred.

The Court construed Mr. Conner's motion for an examination as a request

3

for the Court to appoint medical experts to assist Mr. Conner in this case. The Court found that the issues presented in this case are not sufficiently complex to necessitate appointing an expert under Rule 706 of the Federal Rules of Evidence. (Doc. 46 at 2.) In his objection, Mr. Conner argues that he has a protected "liberty interest" right to call expert witness on his behalf pursuant to Fed.R.Civ.P. 701 through 706. (Doc. 49 at 1-2.) Mr. Conner is free to hire and present expert witnesses pursuant to Rule 702 of the Federal Rules of Evidence which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed.R.Evid. 701. He does not, however, have a liberty interest in having the Court appoint an expert to assist him in this case.

As set forth in the Court's prior Order, appointment of an expert under Rule 706 is not appropriate for the purpose of assisting a litigating party for his own benefit. *See Carranza v. Fraas*, 763 F.Supp.2d 113, 119–20 (D.D.C. 2011); *Pedraza v. Jones*, 71 F.3d 194, 198 n. 5 (5th Cir. 1995). Mr. Conner's pro se, in

4

forma pauperis status is not grounds for the appointment of an expert witness to assist him with his case. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *See Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989) (citations omitted). The in forma pauperis statute does not authorize the Court to waive witness fees or expenses paid to those witnesses. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). Rule 702 is not a means to avoid section 1915 and the prohibition against using public funds to pay for the expenses of witnesses.

Mr. Conner has not met the requirements for filing a motion for reconsideration and he states insufficient grounds to overrule the Court's prior Order. The Court will not appoint experts to assist Mr. Conner in this case.

Should Mr. Conner, however, be able to hire his own experts and he needs assistance in having those experts examine him, he must first attempt to facilitate those examinations with Defendants and then, if necessary, file a motion specifically identifying his experts, the need for any such examination, and the means by which those examinations could be done.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Conner's Motion for the Appointment of Counsel (Doc. 48) is

DENIED.

2. Mr. Conner's Objection to the Court's Denial of his Motion for Examination (Doc. 49) as construed as a motion for reconsideration is DENIED.

DATED this 25th day of January 2017.

/s/ John Johnston
John Johnston
United States Magistrate